

**Your Missouri Courts**    **.net**

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print     GrantedPublicAccess Logoff NICHOLECALDWELL

20BA-CV00395 - ANIYIA Z BRANTLEY V COLUMBIA PUBLIC SCHOOL SYSTEM (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending    Display Options: [ All Entries ▼ ]
                ○ Ascending

---

**04/16/2020**    **Order**

Plaintiff's Motion to Substitute filed 4/6/20 is reviewed and granted. JHJ/l (gw)

     **Associated Entries:** 04/06/2020 - Motion Filed ⊞

**04/06/2020**    **Note to Clerk eFiling**

     **Motion Filed**

Plaintiffs Motion to Substitute the City of Columbia, Missouri as a Defendant and to add School Resource Officer Tony Ash as a Defendant; Electronic Filing Certificate of Service.

     **Filed By:** DANIEL L VIETS
     **On Behalf Of:** ANIYIA ZENNA LAKIS BRANTLEY, KANDAS D HOLMES-BARNES
     **Associated Entries:** 04/16/2020 - Order ⊞

     **Application Filed**

Petition for Appointment of Next Friend for Infant, A B, in Civil Suit and to Waive Bond Requirement; Electronic Filing Certificate of Service.

     **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**03/09/2020**    **Order**

Plaintiff appears by Viets who orally enters his appearance. Defendant Columbia Police Department appears by Baker, Defendant Columbia Public School System by Smith. Plaintiff is given 30 days to file amended or substitute pleadings. JHJ (ms)

     **Associated Entries:** 02/25/2020 - Hearing Scheduled ⊞
     **Scheduled For:** 03/09/2020; 9:00 AM ; J. HASBROUCK JACOBS; Boone

**02/25/2020**    **Hearing Scheduled**

(ms)

     **Associated Entries:** 03/09/2020 - Order ⊞
     **Scheduled For:** 03/09/2020; 9:00 AM ; J. HASBROUCK JACOBS; Boone

**02/24/2020**    **Notice of Hearing Filed**

Notice of Hearing on Defendants Motions to Dismiss; Electronic Filing Certificate of Service. As to 03/09/2020 09:00 a.m. Division I. (ms)

     **Filed By:** DAVID STEPHEN BAKER
     **On Behalf Of:** COLUMBIA PUBLIC SCHOOL SYSTEM, COLUMBIA POLICE DEPARTMENT

**02/18/2020**    **Motion to Strike**

Columbia Public School Systems Motion to Strike; Electronic Filing Certificate of Service. (ms)

         **Filed By:** JILL ELLEN FROST
         **On Behalf Of:** COLUMBIA PUBLIC SCHOOL SYSTEM

**Suggestions in Support**

(ms)

         **Filed By:** JILL ELLEN FROST

**Motion to Dismiss**

Columbia Public School Systems Motion to Dismiss; Electronic Filing Certificate of Service. (ms)
         **Filed By:** JILL ELLEN FROST

**02/13/2020**    **Suggestions in Support**

(ms)

         **Filed By:** DAVID STEPHEN BAKER
         **On Behalf Of:** COLUMBIA POLICE DEPARTMENT

**Motion to Dismiss**

Defendant Columbia Police Departments Motion to Dismiss. (ms)
         **Filed By:** DAVID STEPHEN BAKER

**02/06/2020**    **Note to Clerk eFiling**

(ms)

**Notice of Service**

ANIYIA BRANTLEY VS COLUMBIA POLICE DEPARTMENT 20BA-CV00395. (ms)

**Corporation Served**

Document ID - 20-SMCC-69; Served To - COLUMBIA POLICE DEPARTMENT; Server - SO SHERIFF OF BOONE COUNTY - COLUMBIA; Served Date - 04-FEB-20; Served Time - 10:09:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - Served to Jessica Harris - Human Resources (ms)

**02/05/2020**    **Notice of Service**

ANIYIA BRANTLEY VS COLUMBIA PUBLIC SCHOOL SYSTEM 20BA-CV00395. (ms)

**Summons Personally Served**

Document ID - 20-SMCC-68; Served To - COLUMBIA PUBLIC SCHOOL SYSTEM; Server - SO SHERIFF OF BOONE COUNTY - COLUMBIA; Served Date - 30-JAN-20; Served Time - 14:26:00; Service Type - Sheriff Department; Reason Description - Served (ms)

**01/28/2020**    **Summons Issued-Circuit**

Document ID: 20-SMCC-69, for COLUMBIA POLICE DEPARTMENT. Clerk sent for service by the Boone County Sheriff's Office this date. (ms)

**Summons Issued-Circuit**

Document ID: 20-SMCC-68, for COLUMBIA PUBLIC SCHOOL SYSTEM. Clerk sent for service by the Boone County Sheriff's Office this date. (ms)

**01/27/2020**    **Confid Filing Info Sheet Filed**

Confidential Case Filing Information Sheet. (ms)

**Pet Filed in Circuit Ct**

**Judge Assigned**

---

# IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

A.B BY HER NEXT FRIEND
KANDAS HOLMES-BARNES,  )
              )
    **Plaintiff,**     )
              )
    **vs.**        ) Case No.
              )
**COLUMBIA PUBLIC SCHOOL** )
**AND COLUMBIA POLICE**   )
**DEPARTMENT.**     )
              )
    **Defendant.**   )

FILED
BOONE COUNTY
JAN 2 7 2020
CHRISTY BLAKEMORE
CLERK, CIRCUIT COURT, COLUMBIA, MO.

20BA-C100335

## PETITION FOR DAMAGES

   COMES NOW Plaintiff A.B by and through her mother and her next friend, Kandoas Holmes-Barnes, and for her. Petition and Apllication for Petition of Civil Suite. State and alleges the following:

   1.  Plaintiff A.B., a minor fourteen years of age, and her mother next friend Kandas Holmes-Barnes, are residents of Columbia, Missouri, Boone County.

   2.  Defendant is a Columbia Public School, and its registered office is located at 1818 W. Worley Street Columbia, Missouri 65203. Defendant is Columbia Police Department, and its registered office is located at 600 E. Walnut Street Columbia, Missouri 65201. Defendant is the owner manager, and/or developer of the property located at 1818 W. Worley Columbia, Missouri and 600 E. Walnut Columbia, Missouri.

   3.  Venue is proper in Columbia, Missouri under Section 508.010 RSMO, because this cause of action accrued in Columbia, Missouri.

   4.  On or about January 10, 2019, Plaintiff A.B was falsely arrested for a crime she didn't commit, at Smithton Middle School due to falsified information made up from the teachers and principal Chris Drury, Lindsey Gash, Paula (Doe),

Chris Collens (a Student) and Sterling Brown verbally saying it was her, she was handcuffed, humiliate discriminated against false imprisonment, racially profiled, false CPS report, wrong doing, Cyber bullying, hate crimes, suicidal attempts, negligence, emotional distress, learning disability, Slander, Malicious prosecution, racially profiling, Finger printed, Juvenile Center she was sprayed bumpy skin now, they made her wear used under garments that gave her a yeast infection even after being released the next day suspended for ten (10) days, Bullied, hate crimes not once but twice. As a result, Plaintiff suffered injuries.

5.      Plaintiff has made a claim against Defendant as a result of the aforesaid incident, and in order to resolve the issues between the parties it should be approval of this court and only upon condition of such approval, to settle Plaintiff's claims against Defendant for the total sum of $2.4 million dollars.

6.      Counsel for plaintiff, Nimrod T. Chapel Jr., Rufus J. Tate Jr. shall be reimbursed for attorney fees in the amount _____ and for necessary prepaid costs in the amount of $_____.

7.      Plaintiff shall pay for outstanding third-party liens and medical bills to the following medical providers (to be determined).

8.      The remaining amount $2.4 million shall be made payable to Kandas Holmes-Barnes as mother and next friend of A.B. to be placed in a restricted account.

9.      After a full and complete investigation of the facts and circumstances, and taking into consideration the nature of said incident and the disputed liability, next friend believes it is in the best interest and to the advantage of Petitioner to accept said offer of compromise and settlement, subject to the approval of this court.

10.    Next friend request leave to Waive a Jury herein and submits all of the issues of this proposed settlement contract to receive a verdict for a sum greater then equal to or less then the settlement accepted.

WHEREFORE, Kandas Holmes-Barnes, mother and Next Friend of A.B., a minor prays the court to authorize her to Waive a Jury herein, to determine the issues in this case, and to enter its Order Finding, adjudging and decreeing as follows:

(a) the settlement agreement is proper and in the best interest of A.B.

(b) Kandas Holmes-Barnes shall execute and file with this court a receipt for the total sum of $2. 4 mill for the claim of A.B

(c) Kandas Holmes-Barnes shall execute a release and satisfaction of Judgment binding upon A.B. releasing and discharging defendant. Columbia Public Schools and Columbia Police Department of all liability to said minor and any insured under applicable insurance policies on account of the occurrence and matters described in the Petition and Application.

(d) This court shall enter such further orders as it may deem proper.

/s/ Kandas Holmes-Barnes
Kandas Holmes-Barnes
1706 Telluride Ln.
Columbia, MO 65201
(573) 256-9785
kandasbarnespsma@gmail.com

*Aniyia's Letter*

On ~~January 10th~~ 2019 That's the day my life changed for the worst! To think I was going to jail because I defended myself when the white boy pushed me, but to be humiliated infront of all of my peers triggered something in my mind, heart, & soul. I was falsely arrested, false imprisonment, (all this over hear say no evidence) smh) Then to be in a big holding cell in the big people jail & finger printed, that's when I knew my life was over & so was my future, To go into this juvinielle center to be stripped down naked infront of these people sprayed with guel, I was forced to wear used undergarments that gave me an infection, now forever I have ~~~~ bumpy skin from the guel.

But I had to be strong for my mother brothers & sister so I didn't eat, sleep, or drink to be a kid and have so much fear, no trust, at all in authority figures because it was the principal who suppenended me so much for getting smash a

loud with a teacher he failed me⊕ as a student, it was the teacher who lied on me, falsafying information is a crime (I learned this in my new school) it was the adults, word of mouth, and police officers decisions that made this fatal mistake, I've delt with hate crimes, cyber bullying, discrimination, false imprisonment, false arrest, humiliation, retaliation, neglagence, safety issues, emotional distress, slander, suicide attempts, bullying, racially profiled, false aligations, malicious prosecution, F.E.R.P.A.) the fist goes on but knowing I now suffer from a learning disability because I have trauma blockag, I have suwer Bypolor, suwer, deppresion, sever ptsd, suwer anxiety, severe anger issues, borderline schizophrenic, ADHD, all I know is I never had any of this before now I have panic attacks, hear voices, afraid to take any pills no matter what I'm going threws because I don't want to trigger myself to even have a lie p... in my head that I want to die, (because I don't) I hear things, see things that arent there, I have sleep sonmia I barely sleep at night, I cry often, I'm not myself anymore but I am trying to learn who I am, But to have so much fear, I have-

no trust, I feel like everyone is over to get me, I Rock in my Chair all day long for what reason? Because I worry about everything now, I fear to much and all I worth the only reason why I trust my own mother because no matter what it was she stood up & Continues to stand up and fight for not only me but for all of her kids just like she fought for her own life & Continues to this day. All I Know is that one day I would like to be myself again I don't think no child should ~~xxxxxxxxxx~~ ever have to go threw this at all

Aniyia Brantley

Electronically Filed - Boone - February 05, 2020 - 08:56 AM

20000091



# IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI

| Judge or Division:<br>J. HASBROUCK JACOBS | Case Number: 20BA-CV00395 |
|---|---|
| Plaintiff/Petitioner:<br>ANIYIA ZENNA LAKIS BRANTLEY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANIYIA ZENNA LAKIS BRANTLEY<br>1706 TELLURIDE LN.<br>COLUMBIA, MO 65201 |
| Defendant/Respondent:<br>COLUMBIA PUBLIC SCHOOL SYSTEM | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case      RECEIVED

The State of Missouri to:  COLUMBIA PUBLIC SCHOOL SYSTEM
                            Alias:

**1818 W. WORLEY**
**COLUMBIA, MO 65203**

*COURT SEAL OF*



*BOONE COUNTY*

JAN 2 8 2020

BOONE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_1/28/2020_          _/s/ M. Stephens_
   Date                        Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☑ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _1818 W Worley_ _____ (address)

in _Boone_ _____ (County/City of St. Louis), MO, on _1·30·20_ (date) at _1426_ (time).

_D Carey Crystal H_          _D C_
   Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                              Date                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ 2c | |
| Non Est | $ | PAID |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ (_____ miles @ $._____ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-68          1 of 1          Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

 2cdcase592

Electronically Filed - Boone - February 06 2020 - 02:26 PM

 **IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI**

| Judge or Division:<br>J. HASBROUCK JACOBS | Case Number: 20BA-CV00395 |
|---|---|
| Plaintiff/Petitioner:<br>ANIYIA ZENNA LAKIS BRANTLEY | Plaintiff's/Petitioner's Attorney/Address<br>ANIYIA ZENNA LAKIS BRANTLEY<br>1706 TELLURIDE LN.<br>COLUMBIA, MO 65201 |
| vs. | |
| Defendant/Respondent:<br>COLUMBIA PUBLIC SCHOOL SYSTEM | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

**Summons in Civil Case**

RECEIVED

The State of Missouri to: COLUMBIA POLICE DEPARTMENT

JAN 29 2020

Alias:

600 E. WALNUT
COLUMBIA, MO 65201

*COURT SEAL OF*

BOONE COUNTY

**BOONE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**1/28/2020**                    **/s/ M. Stephens**
_____              _____
Date                           Clerk

Further Information:

**Sheriff's or Server's Return**

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Jessica Harris (name) Human Resources (title).

☐ other: _____

Served at _____ (address)

in Boone (County/City of St. Louis), MO, on 2-4-2020 (date) at 1009 (time).

1) Corey J Stroud                    D C J S
_____              _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                        Date                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ 0c | |
| Non Est | $ — | **PAID** |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $ ____ (____ miles @ $.____ per mile) | |
| Total | $ 70 | |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-69        1 of 1        Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

| | | |
|---|---|---|
| A.B. BY HER NEXT FRIEND KANDAS HOLMES-BARNES, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 20BA-CV00395 |
| COLUMBIA PUBLIC SCHOOLS and COLUMBIA POLICE DEPARTMENT, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT COLUMBIA POLICE DEPARTMENT'S MOTION TO DISMISS

COMES NOW Defendant designated as "Columbia Police Department," by and through its undersigned counsel of record, pursuant to Rule 55.27(a), and hereby moves this Court to dismiss Plaintiff's Petition for any or all of the reasons set forth below.

1.     This is a case in which Plaintiff, a minor student in the Columbia School District, seeks to recover money damages under common law.  Her mother, Kandas Holmes-Barnes, is acting as Plaintiff's next friend.

2.     There is no indication that the mother is a licensed attorney and, therefore, cannot legally represent her daughter in this civil action.

3.     Further, the Defendant designated as "Columbia Police Department" is not a separate legal entity amenable to suit and, therefore, a viable claim to relief has not been pleaded.

4.     Alternatively, even if the Columbia Police Department is a viable legal entity or the City of Columbia is substituted for it, the claim presented by Plaintiff is barred by sovereign immunity, which is codified at R.S.Mo. § 537.600 *et seq.*

5.     Pursuant to Rule 55.27(a), this Court is empowered to grant the relief sought herein.

{O0354041}

1

6. Defendant designated as "Columbia Police Department" incorporates herewith its Suggestions in Support of this Motion as though said Suggestions had been set forth at length herein.

WHEREFORE, based upon the above and foregoing, Defendant designated as Columbia Police Department respectfully prays to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

_/s/ David S. Baker_____

David S. Baker                                      #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
dbaker@fisherpatterson.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2020, the foregoing was electronically filed and sent via U.S. mail, postage prepaid, to the following:

Kandas Holmes-Barnes
1706 Telluride Lane
Columbia, MO 65201
*Next Friend of Plaintiff, Pro Se*

_/s/ David S. Baker_____
DAVID S. BAKER

{O0354041}                                 2

IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

| | | |
|---|---|---|
| A.B. BY HER NEXT FRIEND<br>KANDAS HOLMES-BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 20BA-CV00395 |
| | ) | |
| COLUMBIA PUBLIC SCHOOLS and<br>COLUMBIA POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## SUGGESTIONS IN SUPPORT OF
## DEFENDANT COLUMBIA POLICE DEPARTMENT'S MOTION TO DISMISS

COMES NOW Defendant designated as "Columbia Police Department," by and through its undersigned counsel of record, and offers the following Suggestions in Support of its Motion to Dismiss.

### Introduction

The Plaintiff is a minor and a student at Smithton Middle School. This case is being prosecuted by Plaintiff's mother, Kandas Holmes-Barnes. It is alleged Plaintiff was "falsely arrested for a crime she didn't commit . . . due to falsified information made up" by others. Petition, ¶ 4. The named Defendants are the "Columbia Public School" and "Columbia Police Department." This pleading has been filed on behalf of the Columbia Police Department. As explained in greater detail below, the Petition fails for three separate reasons:

1.    This lawsuit has been filed personally by Plaintiff's mother, Kandas Holmes-Barnes. However, there is no indication she is a licensed Missouri attorney. It is well-settled that a lay person may not file or prosecute a case on behalf of another.

2.    Even if Ms. Holmes-Barnes is an attorney or is allowed to prosecute this case on behalf of her daughter, the Defendant designated as the "Columbia Police Department" is not a separate entity which can be sued and, therefore, a viable claim to relief has not been pleaded.

{O0354044}              1

3.     Finally, even if the Columbia Police Department is a proper entity or the City of Columbia is substituted for that agency, the claim to relief sought in the Petition is barred by Missouri's sovereign immunity statute, R.S.Mo. § 537.600, *et seq.*

For and or all of these reasons, the Petition fails to state a viable claim and this Defendant should be severed and dismissed.

## Standard of Review

"A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any fact alleged as to whether it is credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri v. Mo. Valley College*, 860 S.W. 2d 303, 306 (Mo. banc 1993) (internal citation omitted).

## Discussion and Analysis

Plaintiff, A.B., is a fourteen-year-old student at Smithton Middle School. Petition, ¶¶ 1 and 4. It is alleged she was falsely accused of a crime by representatives of the Columbia School District, and then "falsely arrested" by unidentified individuals. *Id.* at ¶ 4. For purposes of this pleading, Defendant "Columbia Police Department" assumes the arrest was made by Columbia Police Officers. The Petition states Plaintiff "has made a claim" against Defendants and has offered to settle this matter for $2,400,000. *Id.* at ¶ 5. There is no allegation any Defendant has agreed to that settlement demand.[1] The Petition has been signed only by Plaintiff's mother, Kandas Holmes-Barnes. There is no indication she is an attorney in Missouri or any other state.

---

[1] Just so there is no misunderstanding, the "Columbia Police Department" does not agree to any such settlement demand.

**Nonattorney May Not Represent Another**

The initial question that presents itself is whether a valid Petition on behalf of A.B. has been filed. There is no indication that Candace Holmes-Barnes is a licensed attorney. The "general rule" is that an attempt to prosecute a lawsuit by a non-attorney "will normally require dismissal of the action or voidance of the judgment." *Strong v. Gilster Mary Lee Corp.*, 23 S.W.3d 234, 241 (Mo. App. 2000). "Missouri courts have adhered to this general rule." *Id.* While there may be special circumstances allowing for an exception, "the normal effect of a representative's unauthorized practice of law on behalf of a party is to require a dismissal of the cause or treat the particular actions taken by the representative as a nullity." *Id.*

Because there is no indication that Plaintiff's mother is a licensed Missouri attorney, it is respectfully submitted this Court should dismiss the Petition without prejudice.

**Columbia Police Department Not a Legal Entity**

One of the named Defendants identified by Plaintiff is the "Columbia Police Department." However, a police department is simply a part of a City government and is not a proper defendant. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (the "West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *Roydhouse v. City of Cape Girardeau Police Dep't.*, No. 1:14-CV-36-ACL, 2014 WL 1338837, at *1 (E.D.Mo. April 3, 2014) ("police departments are not suable entities under § 1983"); *Walker v. Kansas City Police Dep't.*, No. 09-00583-CV-W-FJG, 2010 WL 2720720, at *1 (W.D.Mo. July 6, 2010) (concluding plaintiff failed to state a claim against Kansas City, Missouri, Police Department "because that defendant is a non-suable entity"). Accordingly, it is respectfully submitted the Defendant designated as "Columbia Police Department" should be severed and dismissed with prejudice.

**Sovereign Immunity Bars Claim**

Even if the Columbia Police Department were a separate legal entity which could be sued, or if this Court were to substitute the City of Columbia in lieu of its Police Department, dismissal is still the appropriate result. Plaintiff's claim against the City of Columbia and its police department is barred by Missouri's sovereign immunity statute, R.S.Mo. § 536.600, *et seq*. In a case like this, the City of Columbia is immune from common law liability unless one of four exceptions exist:

1. When the injury arises from a public employee's negligent operation of a motor vehicle in the course of employment with that entity;

2. Where the injury is caused by the dangerous condition of the municipality's property;

3. When the injury is caused by the municipality performing a proprietary function, as opposed to a governmental function; and

4. To the extent the municipality has procured applicable insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy.

*Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. App. 2009).

Clearly, the first two exceptions are inapplicable under these facts. As for the third, the Missouri Supreme Court has previously determined "[t]he operation of a police department is a governmental function whereby sovereign immunity attaches to a municipality." *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 371 (Mo. banc 2016). And with regard to the "waiver of sovereign immunity through the purchase of applicable insurance" exception, there is no allegation the City has waived its sovereign immunity. The defense of sovereign immunity is *not* an affirmative defense. [I]t is well settled in Missouri that sovereign immunity is not an affirmative defense." *Townsend v. Eastern Chemical Waste Systems*, 234 S.W.3d 452, 470 (Mo. App. 2007). And because it is not an affirmative defense, it is Plaintiff's burden to plead facts showing that an

exception to sovereign immunity applies. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137 (Mo. App. 2009) ("Missouri courts have routinely held that sovereign immunity is not an affirmative defense and that the plaintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity").

Here, the Petition is devoid of any allegation even suggesting an exception to the sovereign immunity statute. As a result, Plaintiff's claim against the City of Columbia (or its police department) is barred by R.S.Mo. § 537.600.1. Dismissal is, therefore, appropriate.

### Conclusion

For the reasons discussed above, it is respectfully submitted the Columbia Police Department should be severed and dismissed from this lawsuit, together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/ David S. Baker
David S. Baker                                            #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
dbaker@fisherpatterson.com
*Attorneys for Defendants*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 13, 2020, the foregoing was electronically filed and sent via U.S. mail, postage prepaid, to the following:

Kandas Holmes-Barnes
1706 Telluride Lane
Columbia, MO 65201
*Next Friend of Plaintiff, Pro Se*


  /s/ David S. Baker
DAVID S. BAKER

## IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

| | | |
|---|---|---|
| A.B. BY AND THROUGH KANDAS HOLMES-BARNES, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 20BA-CV00395 |
| v. | ) ) | |
| COLUMBIA PUBLIC SCHOOL SYSTEM and | ) ) ) | |
| COLUMBIA POLICE DEPARTMENT. | ) ) | |
| Defendants. | ) ) | |

### DEFENDANT COLUMBIA PUBLIC SCHOOL SYSTEM'S MOTION TO STRIKE AND SUGGESTIONS IN SUPPORT

COMES NOW Defendant Columbia Public School ("CPS"), by and through its undersigned counsel of record, pursuant to Missouri Rule of Civil Procedure 55.27(e), and for its Motion to Strike and Suggestions in Support thereof states and avers as follows.

1.      Defendant CPS requests that this Court strike portions of paragraph 4; paragraphs 5, 8, 9 and 10; along with the "WHEREFORE" paragraph from Plaintiff's Petition for Damages. Paragraphs 5, 8-10, and the "WHEREFORE" paragraph improperly seek Court approval of a non-existent settlement.  Paragraph 4 improperly includes the name of a non-party minor.

2.      CPS also moves to strike the name of the minor Plaintiff included in a handwritten letter filed with the Court on January 27, 2020.

3.      Paragraph 5 of the Petition improperly seeks Court approval to settle Plaintiff's claims against Defendant for the sum of $2.4 million.  Paragraph 5 fails to state, and cannot accurately state that Defendant CPS agreed to any such settlement demand, or that any such demand was ever propounded on Defendant CPS.

F:\WPDOCS\48\48.358\Pleadings\Motion to Strike.docx

4.      Paragraph 8 of the Petition improperly states that the "remaining amount of $2.4 million shall be made payable …". There is no allegation, and cannot be an accurate allegation, that either Defendant has agreed to pay $2.4 million dollars in this matter.

5.      Paragraph 9 of the Petition asserts that it is in the "best interest and to the advantage of Petitioner to accept said offer of compromise and settlement …". There is no allegation, and cannot be an accurate allegation, that either Defendant has offered compromise and settlement of this matter.

6.      Petition paragraph 10 references the "proposed settlement contract". There is no allegation that any Defendant agreed to or proposed a settlement contract.

7.      The Petition "Wherefore" paragraph and its subparagraphs improperly seek an order of the Court regarding a "settlement agreement", "$2.4 million", and "satisfaction of Judgment" without any factual assertions that either Defendant has made a settlement agreement in any amount or agreed to allow judgment to be rendered against it.

8.      Defendant CPS denies that any settlement agreement has been reached and maintains that such allegations suggesting this Court approve a non-existent settlement should be stricken from the pleading.

9.      Injection of a monetary demand in actions for damages based upon an alleged tort is prohibited by Rule 55.05 of the Missouri Rules of Civil Procedure. Specifically, Rule 55.05 states that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority.

10.     Inclusion of information regarding a non-existent offer of compromise and settlement, settlement agreement, proposed settlement contract, and judgment and inclusion of a multimillion dollar amount is immaterial, impertinent, and/or scandalous.

11.      Rule 55.27(e) states "Upon motion made by a party before responding to a pleading or, ... upon the court's own initiative at any time, the Court may order stricken from any pleading any ... redundant, immaterial, impertinent, or scandalous matter". (See also R.S.Mo. § 509.320).

12.      To suggest that the parties have reached a settlement resolution is both impertinent and scandalous. The assertions serve no other functional purpose in the pleadings and should be stricken in their entirety.

13.      Defendant also moves to strike the handwritten letter purportedly written by minor Plaintiff, A.B. or at least the portions of the letter identifying the minor's name. The document contains sensitive information about the alleged medical condition and emotional state of the minor along with her name and has been improperly injected into a publicly available sphere.

14.      The handwritten letter specifically identifies the minor without utilizing abbreviations to protect her identity.

15.      This identifying information and medical information pertaining to a minor should be stricken in its entirety, or alternatively, filed under seal and removed from the public.

16.      The Petition also identifies a minor in paragraph 4 of the Petition which should be stricken to protect the non-party minor from further disclosure.

17.      Minors' identifying information should be afforded as much protection as possible. Defendant CPS provides education and schooling to minor students and is mindful of the importance of protecting the disclosure of "personal identifiable information" of minor students, including their name. See, the Family Education Rights and Privacy Act ("FERPA", 20 U.S.C. § 1232(g), 24 C.F.R. part 99).

18.      Currently, the Plaintiff's pleading, with all its inaccuracies and improper disclosures of minors' names and medical information is available to the public. The information

is accessible through Case.net. Members of the news media have already gained access to the improperly disclosed information.

19. The Case.net system is designed with features to prevent further disclosures and upon request by a sitting judge, the security level on Case.net can be elevated to prohibit access by anyone other than the Court and counsel involved in the case. Defendants move this Court for such an Order.

WHEREFORE, for the reasons discussed above, Columbia Public Schools respectfully requests the Court order portions of the Petition be stricken and that elevated Case.net security be utilized to protect minors involved in this matter, and for any such further relief as the Court deems just and proper.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

/s/ Jill Smith
JILL SMITH                        #38461
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100 Phone; (816) 421-7915 Fax
jsmith@fsmlawfirm.com
**Attorney for Defendant**
**Columbia Public School System**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on February 18, 2020 as well as on *pro se* Plaintiff via CMRRR:

Kandas Holmes-Barnes
1706 Telluride Lane
Columbia, MO 65201
*Next Friend of Plaintiff, Pro Se*

/s/ Jill Smith
**Attorney for Defendant**
**Columbia Public School System**

Page **4** of **4**

## IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

| | | |
|---|---|---|
| **A.B. BY AND THROUGH KANDAS HOLMES-BARNES,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.: 20BA-CV00395** |
| **COLUMBIA PUBLIC SCHOOL SYSTEM** and | ) ) ) | |
| **COLUMBIA POLICE DEPARTMENT.** | ) ) | |
| **Defendants.** | ) ) | |

### DEFENDANT COLUMBIA PUBLIC SCHOOL SYSTEM'S MOTION TO DISMISS

COMES NOW Defendant Columbia Public School ("CPS"), by and through its undersigned counsel of record, pursuant to Missouri Rule of Civil Procedure 55.27(a), and hereby moves this Court to dismiss Plaintiff's Petition for any or all of the reasons set forth in this Motion and the Suggestions in Support filed contemporaneously:

1. Plaintiff's pleading has been filed personally by the minor Plaintiff's mother, Kandas Holmes-Barnes.

2. The "Petition for Damages" purports to be filed in Kandas Holmes-Barnes' capacity as "Next Friend." However, Kandas Holmes-Barnes has not been formally appointed to act as Next Friend of A.B. in a manner that complies with Missouri procedural law.

3. There is no indication that Kandas Holmes-Barnes, who signed the Petition for Damages on behalf of Plaintiff, is a licensed Missouri attorney.

4. Because Kandas Holmes-Barnes is not a licensed Missouri attorney, she cannot practice law in the state of Missouri and cannot legally represent her daughter in this civil action.

F:\WPDOCS\48\48.358\Pleadings\Motion to Dismiss.docx

5.    The pleading filed in this action is deficient in numerous respects and should be dismissed in its entirety or stricken in substantial ways. (See CPS' Motion to Strike).

6.    Plaintiff's Petition for Damages fails to state a claim comporting with the Missouri Rules of Civil Procedure.

7.    Rule 55.05 of the Missouri Rules of Civil Procedure states that a petition must "contain a short and plain statement of the facts showing that the pleader is entitled to relief ...". Missouri's fact-pleading rules demand more than mere conclusions that the pleader alleges without supporting facts.

8.    Mere conclusory allegations and/or bare legal principles constitute inadequate pleadings.  The bare legal principles asserted in Petition, paragraph 4 are insufficient to even provide general notice of anticipated claims and fall short of the factual specificity necessary to support the listing of legal conclusions and claims.

9.    The Petition does not contain factual allegations to suggest a viable claim under the MHRA or the right to sue under the Act.

10.    Claims asserted in a lawsuit based on the MHRA must be specifically stated, grow out of, or be reasonably related to the substance of the administrative charge.

11.    The Petition makes no mention of any underlying administrative charge and fails to inform the Court regarding any viable right to sue, and if one existed, what the nature of the right to sue entails.

12.    Because Plaintiff's pleading is inadequate, any claim under the Missouri Human Rights Act must be dismissed with prejudice for failure to comply with time constraints by failing to properly commence the cause of action pursuant to § 213.111.1 R.S.Mo.

13.     Because the Petition for Damages is fatally deficient on numerous grounds, the Petition should be dismissed in its entirety.

WHEREFORE, based upon the above and foregoing, Defendant Columbia Public Schools respectfully prays to be dismissed, awarded its costs and expenses herein incurred and expended, together with such other and other further relief that this Court deems just and appropriate.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

*/s/ Jill Smith*
JILL SMITH                         #38461
8900 Ward Parkway
Kansas City, MO  64114
(816) 421-7100 Phone; (816) 421-7915 Fax
jsmith@fsmlawfirm.com
**Attorney for Defendant**
**Columbia Public School System**

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on February 18, 2020 as well as on *pro se* Plaintiff via CMRRR:

Kandas Holmes-Barnes
1706 Telluride Lane
Columbia, MO 65201
*Next Friend of Plaintiff, Pro Se*

*/s/ Jill Smith*
**Attorney for Defendant**
**Columbia Public School System**

Page **3** of **3**

Electronically Filed - Boone - February 18, 2020 - 02:01 PM

## IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

| | |
|---|---|
| A.B. BY AND THROUGH KANDAS HOLMES-BARNES, ) ) ) | |
| Plaintiff, ) ) | Case No.: **20BA-CV00395** |
| v. ) ) | |
| COLUMBIA PUBLIC SCHOOL SYSTEM ) and ) ) | |
| COLUMBIA POLICE DEPARTMENT. ) ) | |
| Defendants. ) ) | |

## SUGGESTIONS IN SUPPORT OF DEFENDANT COLUMBIA PUBLIC SCHOOL'S MOTION TO DISMISS

COMES NOW Defendant Columbia Public Schools ("CPS"), by and through undersigned counsel, pursuant to Missouri Rule of Civil Procedure 55.27(a) and for its Suggestions in Support of its Motion to Dismiss Plaintiff's Petition for Damages, states and avers as follows:

### I.    Introduction

This action pertains to an event alleged to have occurred on or about January 10, 2019 whereby minor Plaintiff A.B. was allegedly falsely arrested. The "Petition for Damages" was filed by the minor Plaintiff's mother, Kandas Holmes-Barnes, purportedly in the capacity as "Next Friend"; however, Ms. Holmes-Barnes has not been formally appointed to act as Next Friend of A.B. in a manner that complies with Missouri procedural law. Additionally, there is no indication that Plaintiff's mother is licensed to practice law in Missouri. The "Petition for Damages" was filed *pro se* by Plaintiff's mother. The pleading is deficient in numerous respects and should be dismissed in its entirety. The Petition fails to state a claim against CPS for which relief can be granted.

F:\WPDOCS\48\48.358\Pleadings\SIS Motion to Dismiss.docx

## II. Legal Standard

Importantly, "*pro se* litigants are held to the same standards as attorneys." *State v. Chambers,* 481 S.W.3d 1, 7 (Mo. banc 2016). "Judicial impartiality, judicial economy, and fairness to all parties preclude courts from granting *pro se* litigants preferential treatment." *Id.* Even *pro se* parties must comply with Missouri Supreme Court Rules and civil procedure in general. *See Snyder v. Schechter,* 245 S.W.3d 830, 832 (Mo. Ct. App. 2007).

"A Motion to Dismiss for failure to state a cause of action is solely a test of the adequacy of a Plaintiff's Petition. It assumes that all of Plaintiff's averments are true, and liberally grants to Plaintiff all reasonable inferences therefrom. No attempt is made to weigh any fact alleged as to whether it is credible or persuasive. Instead, the Petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause of action that might be adopted in that case." *Nazeri v. Mo. Valley College*, 850 S.W. 2d 303, 306 (Mo. *banc* 1993) (internal citation omitted).

## III. Inadequacy of Petition

The Plaintiff's Petition for Damages is deficient in numerous respects and is subject to dismissal, in whole or in part, for the reasons detailed below.

### A. Layman May Not Represent Another

It has long been the law in Missouri that a layman may not, even on a single occasion, represent another in legal proceedings, whether or not for consideration. *Risbeck v. Bond*. 885 S.W. 2d 749, 750 (Mo. App. S.D. 1994); *Liberty Mutual Ins. Co. v. Jones*, 344 Mo. 932, 130 S.W. 2d 945, 955 (*banc* 1939). In this case, it appears that Kandas Holmes-Barnes is representing her daughter, A.B. There is no indication that Kandas Holmes-Barnes is a properly licensed attorney. The representational activity undertaken by Plaintiff's mother is improper if it amounts to the

practice of law. *Strong v. Gilster Mary Lee Corp.*, 23 S.W. 3d 234, 239 (Mo. App. 2000). The "practice of the law" is defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversy. V.A.M.S. § 484.010.1. Missouri courts adhere to the general rule, with some special circumstances allowing an exception, that the normal effect of a representative's unauthorized practice of law on behalf of a party requires dismissal of the cause or to treat the particular actions taken by the representative as a nullity. *Strong*, 23 S.W. 3d 234, 241.

Because it appears a non-lawyer is attempting to prosecute a lawsuit on behalf of another, it is requested that the Court dismiss the Petition.

### B.     *No Official Legal Appointment as Next Friend*

Plaintiff's Petition is also improper for failure to adhere to the procedural requirement of representation by a duly-appointed next friend or guardian as required by law. Missouri Rule 52.02(a), states:

> "Civil actions by minors may be commenced and prosecuted only by a duly appointed guardian of such minor or, if there is no such guardian, by a next friend appointed in such civil action; if asserted by counterclaim, cross-claim or third party pleadings, such civil action may only be prosecuted by a duly appointed guardian of such minor or, if there is no such guardian, by a guardian ad litem appointed for such civil action."

Section 507.110 provides that "[s]uits by infants may only be commenced and prosecuted, either: First, by a duly appointed guardian or conservator of such infant; or, Second, by a next friend appointed for him in such suit; or, Third, if asserted by a counter claim, by a guardian ad litem." Section 507.115 defines "infant" as "any person who has not attained the age of 18 years."

Page **3** of **8**

Electronically Filed - Scott - February 18, 2020 - 02:01 PM

Section 507.110 (from which Rule 52.02 derives) plainly and unambiguously applies to all "suits" by "infants." Rule 52.02 plainly and unambiguously applies to all "civil actions by minors." It is well-settled in Missouri that "in any proceeding involving minors, they are to be considered wards of the Court and their rights are to be jealously guarded as provided by statute. *Y.W. by and through Smith v. National Supermarkets, Inc.*, 876 S.W. 2d 785, 787 (Mo. App. 1994).

Parents must comply with the statutory requirements in order to represent their children as a next friend in proceedings. *Levin v. State Farm Mutual Automobile Ins. Co.*, 510 S.W. 2d 455, 462 (Mo. *banc* 1974). The Missouri Supreme Court found that even though a parent generally has the interests of a child at heart, "[t]his does not mean a parent in all cases is qualified to represent his child in litigation." *Cox v. Wrinkle*, 267 S.W. 2d 648, 653 (Mo. 1954). Even if parents are duly appointed, they may be later disqualified because of a conflict of interest with their minor children. *Vincent by Vincent v. Johnson*, 833 S.W. 2d 859, 863 (Mo. *banc* 1992).

Ms. Holmes-Barnes has not been formally appointed as a Next Friend in this matter, thus preventing the commencement of the action. Rule 52.02(d) requires that "[t]he petition for the appointment of a next friend, the written consent of the person proposed to be next friend, and the order of appointment, shall be filed in the office of the clerk of the court where the civil action is proposed to be brought before any proceedings shall be had in the cause." No such appointment or request for appointment has been effectuated in this case. Additionally, per Rule 52.02(c), "[s]uch appointment shall be made on the petition in writing of such minor if of the age of fourteen years and the written consent of the person proposed to be next friend." Upon information and belief, minor A.B. is fourteen years or older and thereby must provide formal written consent before a Next Friend can be duly appointed. This has not occurred either.

This matter should not proceed because there has been no duly appointed next friend or compliance with Missouri's procedural requirements. This case has not been properly "commenced" per the terms of Rule 52.02.

        C.      *Failure to State a Claim—Missouri Rule 55.27(a)(6)*

The Plaintiff's Petition for Damages fails to state a claim that comports with the Missouri Rules of Civil Procedure. Under Rule 55.05, a Petition must "contain a short and plain statement of the facts showing that the pleader is entitled to relief...." But Missouri's fact-pleading "rules 'demand more than mere conclusions that the pleader alleges without supporting facts.'" *Jennings v. Bd. of Curators of Missouri State Univ.*, 386 S.W.3d 796, 798 (Mo. App. S.D. 2012) (quoting *Pulitzer Pub. v. Transit Cas. Co.*, 43 S.W.3d 293, 302 (Mo. Banc 2001)). Indeed, Missouri courts are "to disregard conclusions not supported by the facts pled." *Ford Motor Credit Co. v. Updegraff*, 218 S.W.2d 617, 621 (Mo. App. W.D. 2007). Under Missouri's fact pleading regime, a defendant is entitled to more than mere notice of the general nature of the plaintiff's claims. *State ex rel. Harvey*, 955 S.W.2d at 547. Mere conclusory allegations and/or bare legal principles constitute inadequate pleadings. *Ashland Oil, Inc. v. Warmann*, 869 S.W.2d 910, 911-312 (Mo. App. E.D. 1994); *see also Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76 (App. W.D. 2006).

The failure to allege facts is not merely a "technical" violation of Missouri's pleading rules. *See, Id.* (holding that the trial court lacks the discretion to disregard fact-pleading requirement). Rather, a cause of action pled without supporting facts is subject to dismissal for failure to state a claim upon which relief can be granted. *See* Rule 55.27(a)(6); *see also ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. 1993) ("[I]n Missouri,

Electronically Filed - Boone - February 18, 2020 - [illegible]

motions to dismiss for failure to state a claim have substantially more 'bite' under our 'fact pleading' rules than they have under the federal system of 'notice pleading'").

The only paragraph in the Petition that seemingly alleges any factual basis is Paragraph 4. However, this particular paragraph is simply insufficient under the fact-pleading standards of Missouri and Rule 55.05. It contains only conclusory allegations that are insufficient under Missouri's fact pleading standards. Paragraph 4 suggests a myriad of legal conclusions and claims—all of which carry their own particularized legal elements and burdens of proof, but none of which are supported by any viable factual pleading.

Plaintiff has provided no insight in Petition paragraph 4 into the nature of the alleged "false information made up from" various school-related persons, stating only that those persons verbally said "it was her." There is no indication of the nature of the underlying facts. There is no indication as to what "it" refers. There is no indication as to the nature of the alleged false statements provided or to whom. The remainder of Paragraph 4 simply lists phrases, some of which are independent legal claims with no additional context. In short, there is insufficient fact or legal pleading to suggest a viable claim has been asserted.

The Plaintiff has failed to allege details necessary to pursue a discrimination lawsuit. In order to bring a civil claim, the Plaintiff must comport with the conditions and requirements of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et seq. (hereinafter referred to as the "MHRA"). The pleading fails to show that the Plaintiff has met all the conditions precedent to filing an action pursuant to the MHRA.

The Plaintiff's Petition fails to inform this Court that any viable right to sue exists, and if so, what the nature of that right to sue entails. Exhaustion of administrative remedies is required for a claimant to bring a discrimination cause of action under the MHRA. The claims asserted in

Page **6** of **8**

the Petition for Damages must be specifically stated, grow out of, or be reasonably related to the substance of an administrative charge. See *Stuart v. General Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000). Plaintiff's Petition fails to properly plead a claim pursuant to MHRA and should be dismissed accordingly.

The bare allegations made in Paragraph 4 are simply insufficient to provide a general notice of the anticipated claims, much less with the factual specificity necessary to support any such claims. Paragraph 4 falls short of the requirements of Rule 55.05 and the Petition for Damages is fatally deficient and subject to dismissal as a result.

WHEREFORE, based upon the above and foregoing, Defendant Columbia Public Schools respectfully prays to be dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

*/s/ Jill Smith*
JILL SMITH                                    #38461
8900 Ward Parkway
Kansas City, MO  64114
(816) 421-7100 Phone; (816) 421-7915 Fax
jsmith@fsmlawfirm.com
**Attorney for Defendant**
**Columbia Public School System**

E-Filed - Boone - February 18, 2020 - 02:01 PM

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on February 18, 2020 as well as on *pro se* Plaintiff via CMRRR:

Kandas Holmes-Barnes
1706 Telluride Lane
Columbia, MO 65201
*Next Friend of Plaintiff, Pro Se*

*/s/ Jill Smith*
**Attorney for Defendant**
**Columbia Public School System**

| From: | Missouri Courts eFiling System |
| To: | Missouri Courts eFiling Subscriber |
| Cc: | David Baker; 13th Judicial Circuit (Boone County) |
| Subject: | eNotice - 20BA-CV00395 - IN RE A.B BY NOF KANDAS HOLMES-BARNES V CPS ET AL, Boone County - Circuit Court |
| Date: | Wednesday, March 11, 2020 02:48:14 PM |
| Attachments: | mo-ecf-msg.xml |

# ELECTRONIC NOTICE OF ENTRY
## (Supreme Court Rule 74.03)
## Boone County - Circuit Court
## 705 E Walnut, COLUMBIA, MO

## CASE NO: <u>20BA-CV00395</u> - IN RE A.B BY NOF KANDAS HOLMES-BARNES V CPS ET AL

MOBAR: 30347
TO: David Stephen Baker
YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Description | Text * | Last Activity |
|---|---|---|---|
| 3/9/20 9:00 AM | Order | Plaintiff appears by Viets who orally enters his appearance. Defendant Columbia Police Department appears by Baker, Defendant Columbia Public School System by Smith. Plaintiff is given 30 days to file amended or substitute pleadings. JHJ (ms) | 3/11/20 11:33 AM |

Associated Entries

2/25/20 11:23 AM - Hearing Scheduled (ms)

NOTE: **You MUST be a registered user in order to view the documents. If you have not registered for eFiling click here.** If the case or document contains confidential information, you may not be able to view the case or document through the links provided. In the event you are unable to view information electronically, the court will provide a paper copy for your records.

\* If *"None entered at this time"* displays in the text field, the court has not entered any

text on this entry. The first 2000 characters of text is provided in this eNotice. To see additional information about the entry made by the court, see Case.net.

Click to access the Missouri eFiling System

This e-mail is auto generated. Please do not respond. **If you have a concern with your filing, please contact the court**. If you need technical assistance, please contact the Office of State Courts Administrator Help Desk by e-mail at osca.help.desk@courts.mo.gov or toll-free by phone at at 1(888)541-4894, 7:30 a.m. to 5:00 p.m., Monday through Friday, excluding state holidays.

Electronically Filed - Boone - April 06, 2020 - 12:53 PM

IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI
DIVISION I

| | | |
|---|---|---|
| **A.B. BY HER NEXT FRIEND** | ) | |
| **KANDAS HOLMES-BARNES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20BA-CV00395** |
| | ) | |
| **COLUMBIA PUBLIC SCHOOL** | ) | |
| **SYSTEM, and** | ) | |
| | ) | |
| **CITY OF COLUMBIA, MISSOURI, and** | ) | |
| | ) | |
| **OFFICER TONY ASH,** | ) | |
| **Defendants.** | ) | |

## PETITION FOR APPOINTMENT OF "NEXT FRIEND" FOR INFANT, A.B., IN CIVIL SUIT AND TO WAIVE BOND REQUIREMENT

COMES NOW A.B., an "infant" within the meaning of Section 507.115, RSMo, by counsel and hereby petitions the Court, pursuant to Section 507.130, RSMo, to appoint A.B.'s mother, Kandas Holmes-Barnes, as "next friend" for purposes of this lawsuit. In support of this Petition, counsel states the following:

That A.B. is at least fourteen years of age and lives with her mother, Kandas Holmes-Barnes, in Columbia, Boone County, Missouri. A.B. consents to and wishes for her mother, Kandas Holmes-Barnes, to be appointed as her "next friend" in the above-referenced case.

That Kandas Holmes-Barnes also consents to her appointment as "next friend" of A.B. in the above-referenced case. Ms. Holmes-Barnes recognizes that, as "next friend" of A.B., she will have the duty to account to A.B. for all money or property which may come into her hands, as a result of this lawsuit, less only expenses of this suit and attorney fees.

1

That Kandas Holmes-Barnes has A.B.'s best interest in mind, and she asks this Court to waive the bond requirement of Chapter 507. Ms. Holmes-Barnes recognizes that, as "next friend" of A.B., she will be personally liable to A.B. upon receipt of any money or property until discharged from her obligations by Order of this Court.

WHEREFORE, Plaintiff prays that this Court issue an Order sustaining this Petition and appoint Kandas Holmes-Barnes as "next friend" of A.B. and waive any bond requirement and for such further Orders as the Court deems just and reasonable.

_A.B._     DOB 9-5-04     Date

_Kandas Holmes-Barnes_     Date     4-6-2020

/s/ Dan Viets
DAN VIETS
Missouri Bar Number 34067
15 North Tenth Street
Columbia, MO 65201
(573) 443 6866
DanViets@gmail.com

Attorney for Plaintiff
A.B. by her Next Friend
Kandas Holmes-Barnes

**Proof of Service**

The undersigned certifies that a complete copy of this document was filed via the Missouri eFiling System for electronic delivery to all attorneys of record on April 6, 2020 and will be served on the City of Columbia and Officer Tony Ash in accordance with Chapter 506, RSMo.

/s/ Dan Viets

2

# IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI
## DIVISION I

| | |
|---|---|
| A.B. BY HER NEXT FRIEND KANDAS HOLMES-BARNES,     Plaintiff, <br><br> vs. <br><br> COLUMBIA PUBLIC SCHOOL     SYSTEM, and <br><br> CITY OF COLUMBIA, MISSOURI, and <br><br> OFFICER TONY ASH,     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     **Case No. 20BA-CV00395** |

## PLAINTIFF'S MOTION TO SUBSTITUTE THE CITY OF COLUMBIA, MISSOURI AS A DEFENDANT AND TO ADD SCHOOL RESOURCE OFFICER TONY ASH AS A DEFENDANT

COMES NOW Plaintiff by counsel and moves this Court for an Order allowing the substitution of the City of Columbia, Missouri as a Defendant, instead of the Columbia Police Department, and to allow the addition of School Resource Officer Tony Ash as a Defendant. In support of this Motion, counsel states as follows:

When Plaintiff filed her original Petition for Damages with this Court, she was acting on a *pro se* basis. Without counsel at that time, she was unaware that when she named the Columbia Police Department (CPD) as a Defendant that CPD was merely a department of the City of Columbia, Missouri, and that it was, therefore, not a proper entity to sue. *Roydhouse v. City of Cape Girardeau Police Dept.,* 2014 U.S. Dist. LEXIS 45859, 2014 WL 1338837 at 1 (E.D. Mo. April 3, 2014). The City of Columbia, Missouri is a municipal corporation organized and existing pursuant to Missouri law. It is located in Boone County, Missouri.

1

Further, if allowed to substitute the City of Columbia, Missouri as a Defendant, Plaintiff believes that, through the discovery process, evidence will be gleaned which shows that sovereign immunity does <u>not</u> apply to the City of Columbia, Missouri in this instance.

In addition, Plaintiff seeks to add School Resource Officer Tony Ash as a Defendant in this lawsuit. If allowed to add School Resource Officer Tony Ash as a Defendant, Plaintiff believes the evidence will show that Officer Ash took inappropriate action in this case without investigating the matter. He acted individually and in his official capacity to seize and arrest the Plaintiff without probable cause. The Plaintiff has suffered greatly due to Officer Ash's actions.

WHEREFORE, the Plaintiff by counsel prays that this Court enter an Order allowing the substitution of the City of Columbia, Missouri as a Defendant in lieu of the Columbia Police Department and to allow the addition of School Resource Officer Tony Ash as a Defendant and for such further Orders as the Court deems reasonable and just.

*/s/ Dan Viets*
DAN VIETS
Missouri Bar Number 34067
15 North Tenth Street
Columbia, MO 65201
(573) 443 6866
DanViets@gmail.com

Attorney for Plaintiff
A.B. by her Next Friend
Kandas Holmes-Barnes

**Proof of Service**

The undersigned certifies that a complete copy of this document was filed via the Missouri eFiling System for electronic delivery to all attorneys of record on April 6, 2020 and will be served on the City of Columbia and Officer Tony Ash in accordance with Chapter 506, RSMo.

*/s/ Dan Viets*

2

# IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI
## DIVISION I

A.B. BY  HER NEXT FRIEND )
KANDAS HOLMES-BARNES, )
    Plaintiff, )
)
    vs. )     **Case No. 20BA-CV00395**
)
COLUMBIA PUBLIC SCHOOL )
   SYSTEM, and )
)
CITY OF COLUMBIA, MISSOURI, and )
)
OFFICER TONY ASH, )
    Defendants. )

## FIRST AMENDED PETITION FOR DAMAGES

COMES NOW the Plaintiff by counsel and states the following in support of Plaintiff's

First Amended Petition for Damages.  With the exception of her waiver of jury trial, the Plaintiff

adopts and incorporates herein by reference the allegations in her original Petition for Damages

which was filed with this Court on January 27, 2020, as if fully set forth herein.  The Plaintiff

was without counsel when said Petition was filed.  However, she now recognizes that she does

not wish to waive her right to a jury trial and asserts that right herein.   The Plaintiff by counsel

further states:

## INTRODUCTORY STATEMENT

A.B. is a minor. She is an African-American teenage girl, at least 14 years of age and

lives with her mother, Kandas Holmes-Barnes.  Both of them have asked this Court to appoint

Kandas Holmes-Barnes as "next friend" of A.B. and both have consented thereto.

The events giving rise to this lawsuit began on or about January 10, 2019 at Smithton

Middle School, which is located at 3600 West Worley Street, Columbia, Boone County,

1

Missouri, where A.B. was a student. Smithton Middle School is part of the Columbia Public School System which is funded by taxpayers.

On or about January 10, 2019, a fight broke out in the hallway at Smithton Middle School. School employees misidentified A.B. as a participant in the fight without viewing existing video footage which proved otherwise. Columbia Police Department Officer Tony Ash, acting as a school resource officer, responded and arrested A.B. without conducting a proper investigation and without probable cause. A.B. was handcuffed and hauled away to the Boone County Juvenile Detention Center, where she was stripped and subjected to various other humiliations. A.B. was detained there for more than 24 hours.

Once released from detention, she suffered many other problems as a result of the January 10, 2019 events, including bullying and harassment at school, of which the school knew, or should have known about, but failed to take remedial action. A.B. has since been engaged in psychological treatment with a medical professional for severe emotional distress and post-traumatic stress disorder (PTSD) due to these events.

The Defendants, under color of state law, deprived the Plaintiff of her rights secured under the Constitution and laws of the United States, specifically the Fourth and Fourteenth Amendments to the United States Constitution, as well as similar protections guaranteed by Article I, Section 15 of the Missouri Constitution. The Defendants further refused or failed to prevent the deprivation of Plaintiff's rights secured under the Constitution and laws of the United States and the those of the State of Missouri.

This is a human rights and civil rights action brought pursuant to Section 213.065, RSMo, *et seq.,* and 42 U.S.C. Sections 1983 (as amended) and 1988 to redress the deprivation of A.B.'s rights. In addition, the Plaintiff also brings claims for False Arrest, False Imprisonment,

2

Intentional Infliction of Emotional Distress and/or Negligent Infliction of Emotional Distress.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to the broad powers granted to this State's Circuit Courts by Article V, Section 14 of the Missouri Constitution, which states that, "The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal."

2.    Venue is appropriate in this Court pursuant to Section 508.010, RSMo, because the Defendants are located, and all incidents giving rise to this suit occurred, in this Judicial Circuit, Boone County, Missouri.

## PARTIES

3.    Plaintiff, A.B., resides in Columbia, Boone County, Missouri.

4.    A.B.'s mother and "next friend", Kandas Holmes-Barnes, also resides in Columbia, Boone County, Missouri.

5.    Defendant Columbia Public School System's main office is located at 1818 West Worley, Columbia, Boone County, Missouri 65203.  It is taxpayer funded and acted under color of law through its policymakers, agents and employees in all respects in relation to this lawsuit.

6.    Defendant City of Columbia, Missouri is a municipal corporation organized and existing pursuant to Missouri law.  It acted through its policymakers, agents and employees under color of law in all respects as it relates to this lawsuit.  Its main offices are located at 701 East Broadway, Columbia, Boone County, Missouri 65201.

7.    Defendant Tony Ash is a police officer who acted under color of law in this case.   He was, at all times relevant to this lawsuit, employed by the City of Columbia, Missouri Police Department, 600 East Walnut, Columbia, Boone County, Missouri 65201.  He was the School

3

Resource Officer at the time of these events. He is being sued in his individual and official capacities.

### THE FACTS

8.     On January 10, 2019, a fight broke out between two students, a European-American girl and an African-American girl, at Smithton Middle School.

9.     A.B. was not involved in the fight as proven by a cell phone video taken by another student. However, Smithton Middle School employees wrongfully identified A.B. as the African-American girl involved in the fight.

10.     Smithton Middle School employees either refused to or otherwise failed to view the available video of the fight and had A.B. arrested as a participant.

11.     School resource and Columbia Police Department Officer Tony Ash responded, but he failed to investigate the incident. He asked no questions before taking action. He then erroneously and falsely arrested A.B., without probable cause, for fighting.

12.     A.B. was handcuffed in front of other students and hauled away in shame to the Boone County Juvenile Detention Center.

13.     A.B. was fingerprinted like a criminal, stripped naked and searched and made to suffer other humiliations, including being sprayed for lice.

14.     A.B. was held at the detention center for over 24 hours until her mother and "next friend", Kandas Holmes-Barnes, was able to convince Smithton Middle School employees that A.B. was not the African-American girl involved with the fight. Ms. Holmes-Barnes managed to do so by showing the school employees the cell phone video, which had been available to those employees at the time of the unlawful arrest.

15.     A.B. was eventually released and no charges were filed against her.

4

16.     However, when A.B. returned to Smithton Middle School, she was subjected to bullying and harassment by other students.  This included being called "jailbird", "jailbreak" and/or "jailbait" to list only a small part of what she endured at the school.

17.     School officials and employees knew, or should have known, that A.B. was being repeatedly bullied and harassed on school grounds but failed to take action, and A.B. was thereby deprived of the benefits of public accommodation due her by the Columbia Public School System.

18.     A.B. has suffered great emotional distress which stems from the January 10, 2019 events at Smithton Middle School and all that she has endured thereafter.

19.     A.B. has had to undergo professional treatment and medical assistance to try to heal emotionally from these events.

**CAUSES OF ACTION**

**COUNT I**

**UNREASONABLE SEIZURE AND ARREST OF A.B.
WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AND
FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION
AND ARTICLE I, SECTION 15 OF THE MISSOURI CONSTITUTION.**

**MISSOURI HUMAN RIGHTS ACT (MHRA)
AND
42 U.S.C. SECTIONS 1983 AND 1988**

Plaintiff denies the Columbia Public School System's allegation contained in its Motion to Dismiss that her MHRA claim is untimely.  Plaintiff received a "Notice of Right to Sue" letter from the Missouri Commission on Human Rights and timely filed this lawsuit within 90 days of that Notice.  (See Exhibit 1 attached hereto.)  Further, for her cause of action against the Columbia Public School System and Officer Tony Ash in Count I, Plaintiff states:

5

20.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 19 as though fully set forth herein.

21.     Defendant Columbia Public School System by and through its policy makers, agents and employees caused the Plaintiff to be unreasonably seized and arrested without probable cause at Smithton Middle School on or about January 10, 2019.

22.     On or about January 10, 2019, the Columbia Public School System, by and through its policy makers, agents and employees, misidentified Plaintiff as being a participant in a fight involving a European-American girl and an African-American girl.  These agents and employees blatantly disregarded the fact that there was video footage available to them at that time which showed that Plaintiff was not involved in the fight.

23.     The Columbia Public School System's policy makers, agents and employees persisted in their erroneous assumption and summoned school resource and Columbia Police Department Officer Tony Ash to the scene for the purpose of having A.B. arrested, handcuffed, removed from the school and taken to the detention center.

24.     Defendant Officer Tony Ash, acting individually and in his official incapacity, responded and, without conducting an investigation, arrested and handcuffed A.B. without probable cause, removed her from the school and caused her to be transported to the detention center.  His actions also caused her to be fingerprinted like a criminal, stripped naked and sprayed for lice at the detention center.

25.     Defendant Columbia Public School System's agents and employees, as well as Defendant Officer Tony Ash knew, or should have known, the treatment that Plaintiff was going to be subjected to at the detention center.

26.     Further, the European-American girl who was involved in the fight was **not** arrested.

6

27. Defendant Columbia Public School System's agents and employees, as well as Defendant Officer Tony Ash caused the violations of A.B.'s rights by their direct and indirect acts and/or omissions.

28. As a direct and proximate result of the acts and omissions of Defendant Columbia Public School System's agents and employees, as well as Defendant Officer Tony Ash, A.B. suffered injury and damages, including having to seek professional medical treatment for her emotional and psychological injuries.

29. The acts, conduct and omissions of Defendants Columbia Public School System's agents and employees, as well as those of Officer Tony Ash, were recklessly indifferent to the rights of A.B. and warrant an award of punitive damages to punish and deter them and others from acting in like manner in the future.

## COUNT II

### LIABILITY OF THE CITY OF COLUMBIA, MISSOURI FOR THE CONSTITUTIONAL VIOLATIONS AGAINST A.B.

### MISSOURI HUMAN RIGHTS ACT (MHRA)
### AND
### 42 U.S.C. SECTIONS 1983 AND 1988

For her cause of action against Defendant, the City of Columbia, Missouri, Plaintiff A.B. states in Count II:

30. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 29 as though fully set forth herein.

31. Defendant, the City of Columbia, Missouri, caused the Constitutional violations suffered by Plaintiff A.B. by its deliberate indifference to the rights of the citizenry, especially those of color, with whom the City of Columbia's Police Officers come in contact.

7

32.     Defendant, the City of Columbia, Missouri, has had and continues to have a custom and practice of unlawfully detaining and arresting citizens, especially those of color.

33.     Defendant, the City of Columbia, Missouri, has failed to effectively screen, train, supervise, discipline, and/or control the people it employs as police officers. Officer Tony Ash's arrest without probable cause in this case illustrates the City's failure in this regard.

34.     Further, the City of Columbia, Missouri wrongfully and/or negligently retains officers, such as Officer Tony Ash, despite their patterns of violating the rights of the citizenry, particularly those of color.

35.     As a direct and proximate result of Defendant, the City of Columbia, Missouri's customs, practices and failures, A.B. suffered injury and damages. The City's conduct and omissions warrant an award of punitive damages to punish it and to deter it and others from acting in a like manner in the future.

**COUNT III**

**A.B. WAS DISCRIMINATED AGAINST IN A PLACE OF
PUBLIC ACCOMMODATION AND DEFENDANT
COLUMBIA PUBLIC SCHOOL SYSTEM CAUSED SAID DISCRIMINATION
AND/OR FAILED TO PROTECT HER THEREFROM**

**MHRA**

For her cause of action in Count III against Defendant Columbia Public School System, Plaintiff A.B. states:

36.     Plaintiff A.B. adopts and incorporates the allegations contained in paragraph 1 through paragraph 35 as if fully set forth here.

37.     Smithton Middle School is part of the Columbia Public School System. It is taxpayer funded and open to the public. The law recognizes that, as such, it is a "public accommodation" under Chapter 213, RSMo.

8

38. Plaintiff A.B. is a member of a protected group on the grounds of her race. Chapter 213, RSMo.

39. Plaintiff A.B. states that she was falsely accused and placed under arrest because of her race. Here, the white female student who was actually involved in the fight was **not** arrested or hauled away to juvenile hall. In contrast, Plaintiff A.B., an African-American, who was not involved in the fight, was indeed arrested, handcuffed and hauled away to the juvenile detention center, where she was subjected to further humiliation.

40. The agents, servants and employees of the Defendant Columbia Public School System singled out A.B. and caused her to be arrested.

41. Further, when A.B. returned to Smithton Middle School after the distressing and humiliating events of January 10, 2019, she was subjected to unwelcome harassment and bullying by other students at the school on multiple occasions, which caused her to suffer even more.

42. A school district can be held liable for student-on-student harassment claims. *Doe v. Kansas City,* 372 S.W.3d 43, 54 (Mo. App., W.D. 2012).

43. The Columbia Public School System knew, or should have known, about the unwelcome harassment that A.B. was suffering, but its employees, servants and agents failed to protect A.B. from the harassment and discrimination.

44. The discrimination caused directly and indirectly by the school deprived A.B. of the use of accommodations rightfully due to her. It deprived her of an environment conducive to learning. Her education suffered therefrom.

9

## COUNT IV

## FALSE ARREST AND FALSE IMPRISONMENT
## OF A.B. BY DEFENDANTS

For her cause of action against Defendants in Count IV, Plaintiff states:

45.     Plaintiff incorporates by this reference the allegations in paragraphs 1 through 44 as though fully set forth here.

46.     Defendant Officer Tony Ash intentionally arrested, restrained and detained A.B. against A.B.'s will without probable cause to believe that A.B. had committed any crime.

47.     The conduct of Defendant Officer Tony Ash in exercising dominion and control over A.B.'s freedom was an intentional restraint of A.B. against her will.   It was an unwarranted "seizure" of A.B. without an appropriate investigation.

48.     In addition, the Defendant Columbia Public School System's policymakers, employees and agents set this chain of events into motion by singling out A.B., and having Officer Tony Ash arrest her without doing a proper investigation of their own.

49.     As a direct and proximate result of these Defendants' unlawful detention of A.B., she suffered damages to her emotional well-being due to the malicious arrest.  A.B. has also suffered severe mental anguish in connection with the deprivation of her rights and this entire incident.

50.     The conduct of Officer Tony Ash and the Columbia Public School System's agents was outrageous because of their reckless indifference to the rights and well-being of A.B.  This conduct warrants an award of punitive damages to punish these Defendants and to deter them and others from acting in a like manner in the future.

## COUNT V

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UPON A.B. BY DEFENDANTS

For her cause of action against Defendants Columbia Public School System and Officer Tony Ash in Count V, A.B. states:

51.     Plaintiff incorporates by this reference the allegations in paragraphs 1 through 50 as though fully set forth herein.

52.     Defendants Columbia Public School System's agents and employees and Officer Tony Ash, acting individually and together in concert with each other, intentionally or recklessly caused extreme emotional distress to A.B., to the point that she required, and continues to require, professional medical help for her condition.

53.     The acts of Defendants Columbia Public School System and Officer Tony Ash of singling A.B. out to be arrested without investigation, failing to watch the available video, then arresting her without probable cause, physically restraining her in handcuffs and hauling her away in front of her peers naturally caused A.B. emotional distress, especially in light of the fact that the European-American girl who was actually involved in the fight was not subjected to similar treatment.

54.     Columbia Public School System's agents and employees and Officer Tony Ash failed to prevent this emotional damage to A.B.

55.     Each act or omission of these Defendants, as previously described, was extreme, outrageous, shocking to the senses and deliberately indifferent to the health and welfare of A.B. and posed a recognizable, unreasonable risk of causing A.B. severe emotional distress.

56.     Defendants Columbia Public School System and Officer Tony Ash knew, or should have known, that their conduct posed an unreasonable risk of causing A.B. severe emotional distress.

11

57.     A.B. suffered and continues to suffer severe emotional distress as a result of the Defendants' conduct. Such distress is medically diagnosable and is sufficiently severe to be medically significant.

58.     The conduct of Defendants was outrageous because of their reckless indifference to the rights of A.B. so as to warrant an award of punitive damages to punish Defendants and to deter them and others from acting in a like manner in the future.

WHEREFORE, Plaintiff demands judgment against each Defendant and requests an award of compensatory damages, including payment for Plaintiff's medical bills with interest as allowed by law, as well as punitive damages, attorney fees and the cost of litigation, and for such further Orders as the Court deems appropriate and just.

Respectfully submitted,

*/s/ Dan Viets*
DAN VIETS
Missouri Bar Number 34067
15 North Tenth Street
Columbia, MO 65201
(573) 443 6866
DanViets@gmail.com

Attorney for Plaintiff
A.B. by her Next Friend
Kandas Holmes-Barnes

**Proof of Service**

The undersigned certifies that a complete copy of this document and Exhibit 1 were filed via the Missouri eFiling System for electronic delivery to all attorneys of record on April 8, 2020 and will be served on the City of Columbia and Officer Tony Ash in accordance with Chapter 506, RSMo.

*/s/ Dan Viets*

12



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | Martha Staggs | ALISA WARREN, PH.D. |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |



EXHIBIT

*Pet.'s #1*

Kandas Holmes Barnes
O/B/O 
Columbia, MO 65201

## NOTICE OF RIGHT TO SUE

RE:   Kandas Holmes Barnes vs. COLUMBIA MISSOURI PUBLIC SCHOOL DISTRICT ET AL
      P-05/19-04706

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

October 30, 2019
Date

C:    additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

3315 W. TRUMAN BLVD.       111 N. 7TH STREET, SUITE 903       P.O. BOX 1300       1410 GENESSEE, SUITE 260       106 ARTHUR STREET
P.O. BOX 1129              ST. LOUIS, MO 63101-2100           OZARK, MO 65721-1300   KANSAS CITY, MO 64102        SUITE D
JEFFERSON CITY, MO 65102-1129   PHONE: 314-340-7590                                FAX: 816-869-3582            SIKESTON, MO 63801-5454
PHONE: 573-751-3325       FAX: 314-340-7238                                                                   FAX: 573-472-5321
*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY   1-800-735-2966 (TDD)   Relay Missouri 711

April 8, 2020

Circuit Clerk's Office
Civil Division

Via Missouri eFiling System

Re: A.B. by her Next Friend Kandas Holmes-Barnes v. Columbia Public School System, *et al.*

Dear Madam or Sir:

I represent the Plaintiff in the above-referenced case. We are hereby requesting preparation of summonses and service of the summonses and Petitions on the following additional Defendants, whose addresses are provided below:

> The City of Columbia, Missouri
> c/o City Counselor Nancy Thompson
> City Counselor's Office
> 701 East Broadway
> Columbia, MO 65201

> And

> Officer Tony Ash
> c/o Columbia Police Department
> 600 East Walnut St.
> Columbia, MO 65201

We are paying the fee herewith via the Missouri eFiling System. Thank you.

Sincerely,

/s/ *Dan Viets*
Dan Viets
MoBar No. 34067

DV: mb

| | |
|---|---|
| **From:** | Missouri Courts eFiling System |
| **To:** | Missouri Courts eFiling Subscriber |
| **Cc:** | David Baker; 13th Judicial Circuit (Boone County) |
| **Subject:** | eNotice - 20BA-CV00395 - ANIYIA Z BRANTLEY V COLUMBIA PUBLIC SCHOOL SYSTEM, Boone County - Circuit Court |
| **Date:** | Thursday, April 16, 2020 03:18:07 PM |
| **Attachments:** | mo-ecf-msg.xml |

# ELECTRONIC NOTICE OF ENTRY
# (Supreme Court Rule 74.03)
# Boone County - Circuit Court
# 705 E Walnut, COLUMBIA, MO

## CASE NO: <u>20BA-CV00395</u> - ANIYIA Z BRANTLEY V COLUMBIA PUBLIC SCHOOL SYSTEM

MOBAR: 30347
TO: David Stephen Baker
YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Description | Text * | Last Activity |
|---|---|---|---|
| 4/16/20 9:38 AM | Order | Plaintiff's Motion to Substitute filed 4/6/20 is reviewed and granted. JHJ/l (gw) | 4/16/20 12:11 PM |

Associated Entries

4/6/20 12:53 PM - <u>Motion Filed</u>
Plaintiffs Motion to Substitute the City of Columbia, Missouri as a Defendant and to add School Resource Officer Tony Ash as a Defendant; Electronic Filing Certificate of Service.

NOTE: **You MUST be a registered user in order to view the documents. If you have not registered for eFiling click** <u>here.</u> If the case or document contains confidential information, you may not be able to view the case or document through the links provided. In the event you are unable to view information electronically, the court will provide a paper copy for your records.

* If *"None entered at this time"* displays in the text field, the court has not entered any text on this entry. The first 2000 characters of text is provided in this eNotice. To see additional information about the entry made by the court, see <u>Case.net</u>.

Click to access the Missouri eFiling System

This e-mail is auto generated. Please do not respond. **If you have a concern with your filing, please contact the court**. If you need technical assistance, please contact the Office of State Courts Administrator Help Desk by e-mail at osca.help.desk@courts.mo.gov or toll-free by phone at at 1(888)541-4894, 7:30 a.m. to 5:00 p.m., Monday through Friday, excluding state holidays.